UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GERRY M. FERNANDEZ, JR,**

     **Plaintiff,**

**v.**                                    **CASE NO.:_____**

**UNITED STATES OF AMERICA,**

     **SERVE:**     **U. S. Attorney for the Eastern District of Virginia**
                           **Attention: Kent Porter, Assistant U.S. Attorney**
                           **Office of the United States Attorney**
                           **101 West Main Street, Suite 8000**
                           **Norfolk, VA 23510-1671**

     **SERVE:**     **Attorney General of the United States**
                           **Department of Justice**
                           **Room 5111**
                           **10th & Constitution Avenue, NW**
                           **Washington, D.C. 20530**

                           **Defendant.**

## COMPLAINT

COMES NOW, Gerry M. Fernandez, Jr, ("Plaintiff"), by counsel, and respectfully moves this Honorable Court for judgment, against the Defendant United States of America ("United States") in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages, together with the costs of this action and post-judgment interest.

## PARTIES

1. Plaintiff is a citizen of the State of Virginia, and a resident of Virginia Beach.

2. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.* ("FTCA"), as amended by the *Westfall* Act, the United States is the proper party for this civil action for personal injury and money damages caused by the negligent or wrongful

act or omission of any employee or employees of the Government acting within the scope of their office or employment.

## JURISDICTION AND VENUE

3.  This Court has exclusive, original jurisdiction of this complaint pursuant to 28 U.S.C. § 1346(b)(1) as this is a claim, against the United States, for money damages for personal injuries caused by the negligent or intentional wrongful act of one or more employees of the Government while acting within the scope of their office or employment.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of occurred in the City of Norfolk, Virginia in the Eastern District of Virginia.

## PROCEDURAL POSTURE

5.  On April 6, 2021, Plaintiff filed a notice of claim with the Department of the Navy in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) alleging personal injuries as a result of an incident resulting from the deployment of the Hardened Anti-Access Control System ("HACS") on April 11, 2019, at or near Gate 5, Naval Station Norfolk, Virginia.

6.  On November 2, 2021, The Department of the Navy issued a final denial of Plaintiff's claim in writing, sent by certified mail.

## FACTS

7.  This action arises out of a motor vehicle collision that occurred at or near Gate 5 on the Naval Station in the City of Norfolk, Virginia on April 11, 2019.

8. On April 11, 2019, at approximately 3:40 p.m., Plaintiff was the operator of a motor vehicle which was lawfully and properly traveling in Lane 2 on the Naval Station in the City of Norfolk, Virginia, after having cleared an identification check at Gate 5.

9. After passing through Gate 5, Plaintiff proceeded within Naval Station Norfolk and onto First Street when he realized the road ended in a dead-end. He then made a legal U-turn and turned west onto B Avenue, at which time the HACS barrier was activated under Plaintiff's vehicle by the sentries at Gate 5, causing Plaintiff's vehicle to be lifted and damaged by the deployment of the HACS barrier and the Plaintiff injured.

10. At or about the same time the Plaintiff was cleared to enter Naval Station Norfolk, another driver attempted to enter Gate 5 of the base.

11. Upon information and belief, the other vehicle attempting to enter Gate 5 was not authorized to enter Naval Station Norfolk and government employees mistook the Plaintiff's vehicle for the unauthorized driver.

12. Rather than using a more accurate and less drastic and dangerous means or recourse to apprehend the alleged unauthorized vehicle approaching Gate 5 at or about the same time Plaintiff approached, employees and agents of the United States engaged the HACS, fully knowing the potential for injuries to innocent persons and causing damage to property of innocent persons just such as Mr. Fernandez.

13. The person or persons assigned to traffic control at the aforementioned gate and time were responsible for the safety and security of all persons lawfully entering the Naval Base.

14. The United States, by and through the acts of its agents, servants and employees acting within the scope of their employment negligently and/or intentionally, operated, engaged

3

or controlled the aforementioned HACS barrier, causing the HACS barrier to deploy under the Plaintiff's car rather than in front of the alleged non-compliant driver's car.

## COUNT I

### NEGLIGENCE
### (United States of America)

15. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

16. The United States, by and through its agents, servants, and employees acting within the scope of their employment, owed Plaintiff a duty to exercise reasonable care in supervising and managing traffic entering the Base, including the operation, maintenance, and control the HACS barrier in such a way as to avoid injuring persons and damaging property and to provide warning to persons who may be inadvertently injured by the deployment of the barrier.

17. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), Defendant United States of America is liable for the negligent acts or certain intentional acts of its agents and employees acting within the scope of their employment.

## COUNT II

### ASSAULT

18. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged.

19. On April 11, 2019, uniformed members of the United States Navy and uniformed officers of the Naval Station Norfolk Base Police Department managed, controlled, and directed security at Gate 5 when the Plaintiff entered the Base, while he adhered to all direction and protocol in entering the Base.

20. The Plaintiff, after passing through security and proceeding away from the security check point, was suddenly and violently assaulted by the deployment of the HACS barrier under his vehicle, lifting it from the roadway upon which he legally drove.

21. The HACS barrier was operated and engaged by one or more uniformed Federal employees who, as a member of the Naval Station Norfolk Base Police or uniformed member of the United States Navy, were acting as law enforcement officers in accordance with 28 U.S.C. §2680 (h).

22. The aforementioned person or persons, knowing the effect such action would have on innocent persons such as Mr. Fernandez, intentionally engaged the barricade allegedly in an attempt to detain another individual and make a stop or arrest, but succeeded in causing the barricade to violently crash up into Plaintiff's vehicle, abruptly stopping the vehicle, injuring Mr. Fernandez and damaging his vehicle.

23. The assault upon Mr. Fernandez was an intentional act by the agents of the Federal Government who knew or should have known that engaging such barricade system while the Plaintiff and other innocent persons were traversing the roadway was dangerous and excessive, and could reasonably result in physical injury to the Plaintiff and other innocent persons.

24. As a direct and proximate result of the United States' breach of duty, negligence, and assault upon him, Mr. Fernandez suffered damages in the following particulars:

A. Bodily injuries both permanent and nonpermanent in nature which have affected Plaintiff's health;

B. Past, present, and future physical pain and mental anguish;

C. Inconvenience;

D. Disfigurement, deformity, and associated humiliation and embarrassment; and

E. Medical expenses

F. Loss of income

WHEREFORE, Plaintiff moves this Court for judgment against the United States in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages and pre-judgment interest.

## **JURY DEMAND**

**Plaintiff demands a trial by jury of any issue deemed triable by a jury pursuit to the law.**

GERRY W. FERNANDEZ, JR

By: _/s/ Allen W. Beasley_____
    Allen W. Beasley, Esq.
    Virginia State Bar #24730
    Breit Biniazan
    Towne Pavilion Center II
    600 22nd Street, Ste. 402
    Virginia Beach, VA 23451
    (757) 622-6000 (Office)
    (757) 670-3895 (Fax)
    abeasley@bbtrial.com
    *Counsel for Plaintiff*